```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JWD AUTOMOTIVE, INC., a Florida corporation, individually and as the representative of a class of similarly situated persons d/b/a NAPA Auto Care of Cape Coral,

       Plaintiff,

v.                                               Case No: 2:15-cv-793-FtM-29MRM

DJM ADVISORY GROUP LLC, BANNER LIFE INSURANCE COMPANY, and WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK,

       Defendants.

## **FINAL APPROVAL ORDER AND JUDGMENT**

The parties' proposed class action settlement coming before the Court for a fairness hearing on December 4, 2017 in Room 6A, United States District Court for the Middle District of Florida, Ft. Myers Division, 2110 First Street, Fort Myers, Florida 33901, at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's unopposed Brief in Support of Final Approval of Class Action Settlement (Doc. #79) filed on November 28, 2017, the statements of counsel, and the fairness of the settlement's terms;

**IT IS HEREBY ORDERED THAT:**

1. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. No objections were filed. Accordingly, this Final Approval Order and Judgment binds all members of the Class, except those twenty-one (21) persons/entities who opted out of the settlement, as listed in Exhibit 1 attached hereto.

2. This Court has jurisdiction over JWD Automotive, Inc. (Plaintiff), the members of the Class, Defendants, DJM Advisory Group LLC, Banner Life Insurance Company, and William Penn Life Insurance Company of New York (collectively, Defendants), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

### Class Certification

4. On August 15, 2017, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order titled "Order Preliminarily Approving Settlement and Certifying Settlement Class" (the Preliminary Approval Order) (Doc. #77).

5. The Preliminary Approval Order certified the following class solely for purposes of settlement:

> All persons who were sent one or more facsimiles December 21, 2011 to present which provided: ALL TERM INSURANCE.COM *Protect* your most valuable asset – Your Income with *AFFORDABLE* **TERM LIFE INSURANCE** *Are you paying too much?...* Legal & General America Life Insurance products are underwritten and issued by Banner Life Insurance Company, Urbana, MD and William Penn Life Insurance Company of New York, Garden City, NY….and contained reference to DJM Advisory Group, LLC on the fax quoting Term Life Insurance rates.

6. In the Settlement Agreement, the parties agreed that this is a proper class definition solely for purposes of settlement. Excluded from the Settlement Class are (a) Defendants and their agents or affiliates, present and former officers, directors, shareholders, employees, and their successors, heirs, assigns, and legal representatives; (b) all persons who opted out of the settlement by timely submitting their opt out request; and (c) members of the judiciary.

7. The Preliminary Approval Order approved the parties' request to provide notice of the proposed class action settlement to the 430,614 fax numbers making up the class in this case.

8. The Preliminary Approval Order also appointed Plaintiff as the Class Representative and appointed attorney Ryan M. Kelly of Anderson + Wanca as Class Counsel.

### Class Notice

9. On November 28, 2017, Plaintiff submitted the affidavit of Dorothy Sue Merryman (Doc. #79-2), a Project Manager for the

settlement administrator the parties used in this case, to demonstrate that the "Notice of Class Action and Proposed Settlement" (the Notice) was sent (or attempted to be sent) to the members of the Class, as ordered in the Preliminary Approval Order.[1]

10. Based upon the evidence submitted as of the date of the December 4, 2017 hearing, the Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

11. No members of the Class filed objections to the settlement.

12. The twenty-one persons/entities listed on attached Exhibit 1 have requested exclusion and are hereby excluded from the Class, this case, and the effect of this Final Approval Order and Judgment.

---

[1] According to the Merryman Affidavit, the Settlement Administrator attempted to fax the Notice to all 430,616 class members, resulting in 299,809 successful transmissions. Of the 130,807 failed transmissions, the Settlement Administrator was able to obtain a valid mailing address for 83,560 of those fax numbers, to which the Notice was mailed.

**Class Compensation**

13. Defendants have created a settlement fund of $3,500,000.00 (the Settlement Fund) and made it available to pay (1) class member claims, (2) an incentive award to Plaintiff for serving as the Class Representative, and (3) Class Counsel's attorneys' fees and reasonable out-of-pocket costs and expenses.

14. The parties agreed in the Settlement Agreement that each member of the Class who submitted a timely and valid Claim Form would be paid up to $500.00 per fax or $500.00 per unique fax number, whichever was greater, subject to a *pro rata* reduction in the event that the claims and other payments approved herein otherwise exceeded the total Settlement Fund.

15. A total of 17,284 claim forms were timely filed, to which an additional 188 faxes were attached, bringing the total number of timely claims to 17,472.

16. According to the Merryman Affidavit, as of December 4, 2017, 114 late-but-otherwise-valid claim forms were received, to which an additional 3 faxes were attached. However, as agreed to by the parties and stated in both the Notice and Proof of Claim form, only timely and valid claims (those received on or before October 21, 2017) will be paid.  No late claims will be considered.

17. Each timely claimant will therefore receive approximately $120.78 per fax, payable by check.  The Settlement Administrator will cause these checks to be mailed after receiving

the funds from Defendants. As agreed between the parties, checks issued to those class members who submitted timely claims will be void 91 days after issuance. Any money remaining from checks issued to claiming class members but not cashed within 90 days of issuance shall be returned to Defendants.

**Award of Incentive Award and Attorneys' Fees and Costs**

18. Pursuant to the parties' agreement, the Court approves as reasonable and hereby awards a $15,000.00 incentive award to Plaintiff for serving as the class representative in this matter.[2]

19. The parties have agreed to an award of attorneys' fees to Class Counsel in the amount of $1,050,000.00, which represents 30% of the total Settlement Fund, plus reimbursement for the reasonable out-of-pocket expenses and costs of notice and claims administration, which total $324,742.74.

20. Because the $1,050,000.00 proposed attorneys' fee award both falls within this Circuit's presumptively reasonable "benchmark" range, Waters v. International Precious Metals Corp., 190 F.3d 1291, 1294 (11th Cir. 1999), and has been shown to be supported by the factors set forth in Johnson v. Georgia Highway

---

[2] At the final hearing, the Court raised with the parties the discrepancy between the Settlement Agreement (Doc. #76-1), which states that Plaintiff will be awarded a $9,5000.00 incentive fee, and Plaintiff's final brief (Doc. #79), which requests a $15,000.00 incentive fee. Counsel for both parties stated that the $9,500.00 figure was erroneous and that the parties had in fact agreed on an incentive award of $15,000.00.

Exp., Inc., 488 F.2d 714, 717 (5th Cir. 1974), abrogated on other grounds by, Blanchard v. Bergeron, 489 U.S. 87 (1989), the Court approves it as reasonable.

21. Per the Court's leave (Doc. #82), Plaintiff filed under seal a $287,995.00 invoice for the class administrator's services and a receipt showing full payment for the same.

22. The Court finds reasonable and thus grants Plaintiff's request for reimbursement of the $287,995.00 paid to the class administrator.

23. Per the Court's Order (Doc. #84), Plaintiff submitted supporting documentation for the remaining claimed expenses (Doc. #87-1).

24. The Court finds reasonable and thus grants Plaintiff's request for reimbursement of $36,702.88 in additional costs and expenses associated with counsel's representation of Plaintiff in this matter.[3]

25. This Final Approval Order and Judgment and the Settlement Agreement (Doc. #76-1) (including exhibits thereto) may be filed in any action against or by any released person to support

---

[3] In his Declaration (Doc. #87), Plaintiff's counsel informed the Court that Plaintiff was seeking reimbursement of $36,702.88 – $44.86 less than the $36,747.74 amount to which the parties had previously agreed – due to the fact that counsel's actual travel expense for attending the final approval hearing was less than the amount estimated in Plaintiff's final brief, which was submitted before the hearing.

a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counter claim.

### Releases and Dismissal

26. All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement. This release does not apply to actions brought by the Government.

27. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified in Exhibit 1), and without fees or costs except as provided above.

### Other Provisions

28. The Court adopts and incorporates all of the terms of the Settlement Agreement (Doc. #76-1) by reference here, except as to the 33 1/3% attorneys' fee award proposed therein and the $9,500 incentive award to Plaintiff.

29. This Court retains nonexclusive continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

30. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

31. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

32. The Clerk shall terminate all deadlines and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this 9th day of January, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record